IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

QUENTIN C. FLORENCE,

        Plaintiff,

vs.                                                           Civ. No. 05-0433 JP/LPG

ADDUS HEALTH CARE, INC.,
an Illinois Corporation; and
MID AMERICAN GROUP, INC.,
an Illinois Corporation,

        Defendants.

## MEMORANDUM OPINION AND ORDER

On June 2, 2005, Plaintiff Quentin C. Florence filed Plaintiff's Motion to Strike Portions of Defendant's Answer to Plaintiff's Amended Civil Complaint for Wrongful Termination and Breach of Contract and Violations of Cobra and ERISA. (Doc. No. 20). Defendant Addus Health Care, Inc., ("Addus") filed its Response to Plaintiff's Motion to Strike on June 16, 2005 (Doc. No. 35), and Plaintiff filed a reply brief on July 5, 2005. (Doc. No. 39).

In his motion to strike, Plaintiff requested the Court strike under FED. R. CIV. P. 12(f) several of the answers and affirmative defenses Defendant Addus made in its Answer to Plaintiff's Amended Complaint for Wrongful Termination and Breach of Contract and Violations of Cobra and ERISA. (Doc. No. 11). In particular, Plaintiff argued that Defendant Addus had materially changed several of its answers and added affirmative defenses, most notably the affirmative defense of "at will employment." Plaintiff argued that he was materially prejudiced by these changes.

However, on July 29, 2005, Plaintiff filed a Motion to Amend Complaint and to Join an Additional Party Defendant under FED. R. CIV. P. 15 and 19. (Doc. No. 42). Plaintiff was given

leave to amend his complaint by Magistrate Judge Lorenzo F. Garcia on September 2, 2005. (Doc. No. 46). Plaintiff thereafter filed a Second Amended Civil Complaint for Wrongful Termination and Breach of Contract and Violations of Cobra and ERISA on September 8, 2005. (Doc. No. 46). Defendant Addus filed an Answer to Plaintiff's Second Amended Complaint for Wrongful Termination and Breach of Contract and Violations of Cobra and ERISA on September 19, 2005. (Doc. No. 52).

Under FED. R. CIV. P. 15, an amended pleading supersedes the pleading it modifies. *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991). Since Defendant's Answer to Plaintiff's Second Amended Complaint supersedes Defendant's Answer to Plaintiff's Amended Complaint, Plaintiff's motion to strike portions of Defendant's earlier answer is moot. This conclusion may appear to elevate form over substance. *See, e.g.,* WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1476 (1990). However, a portion of Plaintiff's argument in the motion to strike relies upon Defendant's addition of the "at will employment" affirmative defense. The Court notes that Defendant has omitted the affirmative defense of "at will employment" in its Answer to Plaintiff's Second Amended Complaint. The Court therefore concludes the better course is to find Plaintiff's motion to strike moot. Plaintiff may renew any objections he may have to Defendant's Answer to Plaintiff's Second Amended Complaint in another motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Portions of Defendant's Answer to Plaintiff's Amended Civil Complaint for Wrongful Termination and Breach of Contract and Violations of Cobra and ERISA is DENIED as moot.

_____
SENIOR UNITED STATES DISTRICT JUDGE